UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2019 JUL 30  PM 4: 06

SOUTHERN DISTRICT
OF INDIANA

**Constance Amos** on behalf of herself and all other persons similarly situated, known and unknown,

Plaintiff,

vs.

**Classic Dining Group, LLC,** an Indiana corporation; **Classic Dining Kentucky Ave, Inc.,** an Indiana corporation; **Classic Dining Keystone, Inc.,** an Indiana Corporation; **Classic Dining Management Company, Inc.,** an Indiana Corporation; **Classic Dining Michigan Road, Inc.,** an Indiana Corporation; **Classic Dining of Bloomington, Inc.,** an Indiana Corporation; **Classic Dining of Castleton, Inc.,** an Indiana Corporation; **Classic Dining of Columbus, Inc.,** an Indiana Corporation; **Classic Dining of Crawfordsville, Inc.,** an Indiana Corporation; **Classic Dining of Daleville, LLC,** an Indiana Corporation; **Classic Dining of Greenwood Mall, Inc.,** an Indiana Corporation; **Classic Dining of Greenwood, Inc.,** an Indiana Corporation; **Classic Dining of Lafayette, Inc.,** an Indiana Corporation; **Classic Dining of Lebanon, Inc.,** an Indiana Corporation; **Classic Dining of Merrillville, Inc.,** an Indiana Corporation; **Classic Dining of Portage, Inc.,** an Indiana Corporation; **Classic Dining of Rockford, Inc.,** an Illinois Corporation; **Classic Dining of Shelbyville, Inc.,** an Indiana Corporation; **Classic Dining Post Road, Inc.,** an Indiana Corporation, and **Ken Kilberger**

Defendant.

No. _____

**COLLECTIVE ACTION COMPLAINT**

1:19-cv-3193 ▬▬ ▬▬
Jes-DLp

Plaintiff, Constance Amos ("Plaintiff Amos"), on behalf of herself and all other persons

similarly situated who are current or former servers of Defendants ("Collective Members") and

by and through the undersigned attorney(s), sue Defendants, Classic Dining Group, LLC,

1

("Classic Dining Group"); Classic Dining Kentucky Ave, Inc., ("Classic Dining Kentucky Ave"); Classic Dining Keystone, Inc., ("Classic Dining Keystone"); Classic Dining Management Company, Inc., ("Classic Dining Management Company"); Classic Dining Michigan Road, Inc., ("Classic Dining Michigan Road"); Classic Dining of Bloomington, Inc., ("Classic Dining of Bloomington"); Classic Dining of Castleton, Inc., ("Classic Dining of Castleton"); Classic Dining of Columbus, Inc., ("Classic Dining of Columbus"); Classic Dining of Crawfordsville, Inc., ("Classic Dining of Crawfordsville"); Classic Dining of Daleville, LLC, ("Classic Dining of Daleville"); Classic Dining of Greenwood Mall, Inc., ("Classic Dining of Greenwood Mall"); Classic Dining of Greenwood, Inc., ("Classic Dining of Greenwood"); Classic Dining of Lafayette, Inc., ("Classic Dining of Lafayette"); Classic Dining of Lebanon, Inc., ("Classic Dining of Lebanon"); Classic Dining of Merrillville, Inc., ("Classic Dining of Merrillville"); Classic Dining of Portage, Inc., ("Classic Dining of Portage"); Classic Dining of Rockford, Inc., ("Classic Dining of Rockford"); Classic Dining of Shelbyville, Inc., ("Classic Dining of Shelbyville"); Classic Dining Post Road, Inc., ("Classic Dining Post Road"), and Ken Kilberger; ("Defendant Kilberger") (collectively "Defendants") and allege as follows:

## PRELIMINARY STATEMENT

1.     This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned minimum wages.

2.     Defendants owns and operate a chain of approximately eighteen Denny's restaurants which are the subject of this lawsuit.

3.     Defendants have a policy or practice of paying their employee servers sub-minimum hourly wages under the tip-credit provisions of the FLSA.

2

4.    Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations. But an employer is *not* permitted to take a tip credit against its minimum wage obligations when it (1) requires its tipped employees to perform non-tipped work that is *unrelated* to the employees' tipped occupation (i.e., "dual jobs"); **or** (2) when the employer requires its tipped employees to perform non-tipped work that, although *related* to the employees' tipped occupation, more than "occasionally" or "part of the time". *See, e.g.,* 29 C.F.R. § 531.56; 29 U.S.C. § 203(m) (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection"); *Driver v. Apple Illinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties ... such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work"); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time").

5.    Defendant violated the FLSA by paying servers sub-minimum, tip-credit wages without informing them of the tip-credit provisions of the FLSA.

6.    Defendant violated the FLSA by enforcing a policy or practice of paying servers sub-minimum, tip-credit wages even when it required those employees to perform non-tipped work that is *unrelated* to their tipped occupation (i.e., "dual jobs").

7.    Defendant violated the FLSA by enforcing a policy or practice of requiring servers to perform non-tipped work that, even if it was *related* to their tipped occupation, was

3

performed more than occasionally or part of the time. Instead, Defendant requires such *related* non-tipped labor to be performed for unreasonable amounts of time that are not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiffs' and the Collective Member's time worked in one or more individual workweeks.

8.      Defendants violated the FLSA by paying certain of its employees sub-minimum, tip-credit wages without allowing them to retain all of the tips they earned, in violation of 29 U.S.C. § 203(m).

9.      Defendants imposed a tip credit upon all of their tipped employees, including Plaintiff and the Collective Members.

## JURISDICTION AND VENUE

10.     Plaintiff Amos and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the Southern District of Indiana, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

13.     Plaintiff Amos and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

14.    Plaintiff Amos is an individual residing in Clinton County, Indiana, and is a former employee of Defendants.

15.    Plaintiff Amos was employed as a server at Defendant's Denny's restaurant located at 4795 Kentucky Avenue, Indianapolis, Indiana 46221 from approximately July 1, 2018 until approximately July 8, 2019.

16.    At all material times, Plaintiff Amos was paid by Defendants as a tipped employee under the FLSA.

17.    Defendants employed Plaintiff Amos to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning, busing tables, washing dishes, fulfilling online take-out and delivery orders, and other side work.

18.    At all material times, Plaintiff Amos was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

19.    Plaintiff Amos has given her written consent to be a Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is appended hereto as Exhibit A.

20.    At all material times, Defendant Classic Dining Group was a corporation duly licensed to transact business in the State of Indiana.

21.    Defendant Classic Dining Group does business, has offices, and/or maintains agents for the transaction of its customary business in Porter County, Indiana.

22.    Defendant Classic Dining Group is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

23.    Under the FLSA, Defendant Classic Dining Group is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in

relation to an employee. At all relevant times, Defendant Classic Dining Group had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Amos' and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Amos and the Collective Members, Defendant Classic Dining Group is subject to liability under the FLSA.

24.    At all material times, Defendant Kentucky Ave was a corporation duly licensed to transact business in the State of Indiana.

25.    Defendant Classic Dining Kentucky Ave does business, has offices, and/or maintains agents for the transaction of its customary business in Marion County, Indiana.

26.    Defendant Classic Dining Kentucky Ave is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

27.    Under the FLSA, Defendant Classic Dining Kentucky Ave is an employer. At all relevant times, Defendant Classic Dining Kentucky Ave had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Amos' and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Amos and the Collective Members, Defendant Classic Dining Kentucky Ave is subject to liability under the FLSA.

28.    At all material times, Defendant Classic Dining Keystone was a corporation duly licensed to transact business in the State of Indiana.

6

29.     Defendant Classic Dining Keystone does business, has offices, and/or maintains agents for the transaction of its customary business in Marion County, Indiana.

30.     Defendant Classic Dining Keystone is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

31.     Under the FLSA, Defendant Classic Dining Keystone is an employer.  At all relevant times, Defendant Classic Dining Keystone had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Amos' and the Collective Members' employment with Defendants.  Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Amos and the Collective Members, Defendant Classic Dining Keystone is subject to liability under the FLSA.

32.     At all material times, Defendant Classic Dining Management Company was a corporation duly licensed to transact business in the State of Indiana.

33.     Defendant Classic Dining Management Company does business, has offices, and/or maintains agents for the transaction of its customary business in LaPorte County, Indiana.

34.     Defendant Classic Dining Management Company is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

35.     Under the FLSA, Defendant Classic Dining Management Company is an employer. At all relevant times, Defendant Classic Dining Management Company had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Amos' and the Collective Members' employment with Defendants.  Having acted in the interest of Defendants in relation to the company's employees,

7

including Plaintiff Amos and the Collective Members, Defendant Classic Dining Management Group is subject to liability under the FLSA.

36.     At all material times, Defendant Classic Dining Michigan Road was a corporation duly licensed to transact business in the State of Indiana.

37.     Defendant Classic Dining Michigan Road does business, has offices, and/or maintains agents for the transaction of its customary business in Marion County, Indiana.

38.     Defendant Classic Dining Michigan Road is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

39.     Under the FLSA, Defendant Classic Dining Michigan Road is an employer. At all relevant times, Defendant Classic Dining Michigan Road had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Amos' and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Amos and the Collective Members, Defendant Classic Dining Michigan Road is subject to liability under the FLSA.

40.     At all material times, Defendant Classic Dining of Bloomington was a corporation duly licensed to transact business in the State of Indiana.

41.     Defendant Classic Dining of Bloomington does business, has offices, and/or maintains agents for the transaction of its customary business in Monroe County, Indiana.

42.     Defendant Classic Dining of Bloomington is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

43.    Under the FLSA, Defendant Classic Dining of Bloomington is an employer.  At all relevant times, Defendant Classic Dining of Bloomington had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Amos' and the Collective Members' employment with Defendants.  Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Amos and the Collective Members, Defendant Classic Dining of Bloomington is subject to liability under the FLSA.

44.    At all material times, Defendant Classic Dining of Castleton was a corporation duly licensed to transact business in the State of Indiana.

45.    Defendant Classic Dining of Castleton does business, has offices, and/or maintains agents for the transaction of its customary business in Marion County, Indiana.

46.    Defendant Classic Dining of Castleton is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

47.    Under the FLSA, Defendant Classic Dining of Castleton is an employer.  At all relevant times, Defendant Classic Dining of Castleton had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Amos' and the Collective Members' employment with Defendants.  Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Amos and the Collective Members, Defendant Classic Dining of Castleton is subject to liability under the FLSA.

48.     At all material times, Defendant Classic Dining of Columbus was a corporation duly licensed to transact business in the State of Indiana.

49.     Defendant Classic Dining of Columbus does business, has offices, and/or maintains agents for the transaction of its customary business in Johnson County, Indiana.

50.     Defendant Classic Dining of Columbus is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

51.     Under the FLSA, Defendant Classic Dining of Columbus is an employer. At all relevant times, Defendant Classic Dining of Columbus had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Amos' and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Amos and the Collective Members, Defendant Classic Dining of Columbus is subject to liability under the FLSA.

52.     At all material times, Defendant Classic Dining of Crawfordsville was a corporation duly licensed to transact business in the State of Indiana.

53.     Defendant Classic Dining of Crawfordsville does business, has offices, and/or maintains agents for the transaction of its customary business in Marion County, Indiana.

54.     Defendant Classic Dining of Crawfordsville is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

55.     Under the FLSA, Defendant Classic Dining of Crawfordsville is an employer. At all relevant times, Defendant Classic Dining of Crawfordsville had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment,

determined the rate and method of payment, and maintained employment records in connection with Plaintiff Amos' and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Amos and the Collective Members, Defendant Classic Dining of Crawfordsville is subject to liability under the FLSA.

56.    At all material times, Defendant Classic Dining of Daleville was a corporation duly licensed to transact business in the State of Indiana.

57.    Defendant Classic Dining of Daleville does business, has offices, and/or maintains agents for the transaction of its customary business in Delaware County, Indiana.

58.    Defendant Classic Dining of Daleville is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

59.    Under the FLSA, Defendant Classic Dining of Daleville is an employer. At all relevant times, Defendant Classic Dining of Daleville had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Amos' and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Amos and the Collective Members, Defendant Classic Dining of Daleville is subject to liability under the FLSA.

60.    At all material times, Defendant Classic Dining of Greenwood Mall was a corporation duly licensed to transact business in the State of Indiana.

61.    Defendant Classic Dining of Greenwood Mall does business, has offices, and/or maintains agents for the transaction of its customary business in Johnson County, Indiana.

62.     Defendant Classic Dining of Greenwood Mall is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

63.     Under the FLSA, Defendant Classic Dining of Greenwood Mall is an employer. At all relevant times, Defendant Classic Dining of Greenwood Mall had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Amos' and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Amos and the Collective Members, Defendant Classic Dining of Greenwood Mall is subject to liability under the FLSA.

64.     At all material times, Defendant Classic Dining of Greenwood was a corporation duly licensed to transact business in the State of Indiana.

65.     Defendant Classic Dining of Greenwood does business, has offices, and/or maintains agents for the transaction of its customary business in Johnson County, Indiana.

66.     Defendant Classic Dining of Greenwood is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

67.     Under the FLSA, Defendant Classic Dining of Greenwood is an employer. At all relevant times, Defendant Classic Dining of Greenwood had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Amos' and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Amos

and the Collective Members, Defendant Classic Dining of Greenwood is subject to liability under the FLSA.

68.    At all material times, Defendant Classic Dining of Lafayette was a corporation duly licensed to transact business in the State of Indiana.

69.    Defendant Classic Dining of Lafayette does business, has offices, and/or maintains agents for the transaction of its customary business in Tippecanoe County, Indiana.

70.    Defendant Classic Dining of Lafayette is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

71.    Under the FLSA, Defendant Classic Dining of Lafayette is an employer. At all relevant times, Defendant Classic Dining of Lafayette had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Amos' and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Amos and the Collective Members, Defendant Classic Dining of Lafayette is subject to liability under the FLSA.

72.    At all material times, Defendant Classic Dining of Lebanon was a corporation duly licensed to transact business in the State of Indiana.

73.    Defendant Classic Dining of Lebanon does business, has offices, and/or maintains agents for the transaction of its customary business in Boone County, Indiana.

74.    Defendant Classic Dining of Lebanon is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

75.     Under the FLSA, Defendant Classic Dining of Lebanon is an employer.  At all relevant times, Defendant Classic Dining of Lebanon had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Amos' and the Collective Members' employment with Defendants.  Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Amos and the Collective Members, Defendant Classic Dining of Lebanon is subject to liability under the FLSA.

76.     At all material times, Defendant Classic Dining of Merrillville was a corporation duly licensed to transact business in the State of Indiana.

77.     Defendant Classic Dining of Merrillville does business, has offices, and/or maintains agents for the transaction of its customary business in Lake County, Indiana.

78.     Defendant Classic Dining of Merrillville is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

79.     Under the FLSA, Defendant Classic Dining of Merrillville is an employer.  At all relevant times, Defendant Classic Dining of Merrillville had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Amos' and the Collective Members' employment with Defendants.  Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Amos and the Collective Members, Defendant Classic Dining of Merrillville is subject to liability under the FLSA.

80. At all material times, Defendant Classic Dining of Portage was a corporation duly licensed to transact business in the State of Indiana.

81. Defendant Classic Dining of Portage does business, has offices, and/or maintains agents for the transaction of its customary business in Porter County, Indiana.

82. Defendant Classic Dining of Portage is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

83. Under the FLSA, Defendant Classic Dining of Portage is an employer. At all relevant times, Defendant Classic Dining of Portage had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Amos' and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Amos and the Collective Members, Defendant Classic Dining of Portage is subject to liability under the FLSA.

84. At all material times, Defendant Classic Dining of Rockford was a corporation duly licensed to transact business in the State of Illinois.

85. Defendant Classic Dining of Rockford does business, has offices, and/or maintains agents for the transaction of its customary business in Winnebago County, Illinois.

86. Defendant Classic Dining of Rockford is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

87. Under the FLSA, Defendant Classic Dining of Rockford is an employer. At all relevant times, Defendant Classic Dining of Rockford had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection

with Plaintiff Amos' and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Amos and the Collective Members, Defendant Classic Dining of Rockford is subject to liability under the FLSA.

88.     At all material times, Defendant Classic Dining of Shelbyville was a corporation duly licensed to transact business in the State of Indiana.

89.     Defendant Classic Dining of Shelbyville does business, has offices, and/or maintains agents for the transaction of its customary business in Shelby County, Indiana.

90.     Defendant Classic Dining of Shelbyville is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

91.     Under the FLSA, Defendant Classic Dining of Shelbyville is an employer. At all relevant times, Defendant Classic Dining of Shelbyville had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Amos' and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Amos and the Collective Members, Defendant Classic Dining of Shelbyville is subject to liability under the FLSA.

92.     At all material times, Defendant Classic Dining Post Road was a corporation duly licensed to transact business in the State of Indiana.

93.     Defendant Classic Dining Post Road does business, has offices, and/or maintains agents for the transaction of its customary business in Marion County, Indiana.

94.    Defendant Classic Dining Post Road is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

95.    Under the FLSA, Defendant Classic Dining Post Road is an employer.  At all relevant times, Defendant Classic Dining Post Road had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Amos' and the Collective Members' employment with Defendants.  Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Amos and the Collective Members, Defendant Post Road is subject to liability under the FLSA.

96.    At all material times, Defendant Kilberger was an individual residing in the state of Indiana.

97.    Defendant Kilberger owns and/or operates each of the Denny's restaurants collectively named as Defendants herein.

98.    Defendant Kilberger is Plaintiff Amos' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

99.    Under the FLSA, Defendant Kilberger is an employer.  At all relevant times, Defendant Kilberger had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Amos' and the Collective Members' employment with Defendants.  Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Amos and the Collective Members, Defendant Kilberger is subject to liability under the FLSA.

**DEFENDANT ARE A "SINGLE ENTERPRISE" AND "SINGLE EMPLOYER"**

100.    Defendants own and operate a chain of franchised Denny's restaurants.

101.    At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of Denny's restaurants.

102.    Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned Denny's restaurants.

103.    Defendants constitute a unified operation because they have organized the performance of its related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

104.    Defendants run each Denny's restaurant identically, or virtually identically, and Defendants' customers can expect the same kind of customer service regardless of the location.

105.    Defendants share employees, including servers, between their restaurant locations.

106.    Defendants share common management between restaurant locations. The Denny's restaurants share common human resources and payroll services.

107.    Defendants share common ownership and corporate officers.

108.    Defendants use the trade name "Denny's" at all of their Denny's restaurant locations.

109.    Defendants' restaurants are advertised on the same website.

110.    Defendants offer the same menu and provide the same array of products and services to their customers at their Denny's restaurant locations.

111.    This chain of restaurants provides the same service product to its customers by using a set formula when conducting its business.

112.    Part of that set formula is the wage violations alleged in this complaint.

113.    Defendants utilize the common practice of under-staffing their restaurants with employees earning at or above the federal minimum wage. Defendants instead staff their restaurants with tipped employees, i.e. Plaintiff Amos and the Collective Members, and require these tipped employees to perform non-tipped labor while paying them a sub-minimum tip-credit rate.

**STATEMENT OF FACTS**

114.    Plaintiff Amos and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

115.    Plaintiff Amos and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

116.    Defendants paid Plaintiff Amos and the Collective Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m). However, Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail itself of the tip-credit provisions of the FLSA.

117.    Defendants paid their tipped employees–including Plaintiff Amos and the Collective Members–sub-minimum, tip-credit wages without informing them of the tip-credit provisions of the FLSA, in violation of 29 U.S.C. § 203(m).

118.    Therefore, Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail themselves of the tip-credit provisions of the FLSA.

119.    Defendants regularly and frequently required Plaintiff Amos and the Collective Members to perform a number of non-tipped duties *unrelated* to their tipped occupations, including but not limited to: working the grill line and performing the primary job duties of cook; performing the primary job duties of a host or  hostess; taking out trash; scrubbing walls; sweeping and mopping floors; cleaning booths; operating the dishtank and performing the primary job duties of a dishwasher; breaking down and cleaning the server line; ensuring the general cleanliness for the front of the house; detail cleaning throughout the restaurant; stocking stations throughout the restaurant; stocking ice; preparing delivery orders Uber Eats, Grub Hub and Door Dash; preparing takeout orders and online orders from Denny's.com; answering the phone; working the cash register; greeting and seating customers; preparing salads; preparing deserts, ice creams and milkshakes; cutting lemons, limes, melons and strawberries; preparing crepes and pancakes, washing and stocking unsliced fruits; baking biscuits; preparing specialty drinks such as lemonades, limeades and teas; and rolling bins full of silverware.

120.    Defendants paid Plaintiff Amos and the Collective Members a sub-minimum wage for all hours that they worked for Defendants, including the periods during which Plaintiff Amos and the Collective Members were performing non-tipped duties.

121.    Defendants regularly and frequently required Plaintiff Amos and the Collective Members to perform a number of non-tipped duties *related* to their tipped occupation, including but not limited to: cleaning and setting tables, toasting bread, making coffee and washing dishes or glasses. Defendants required Plaintiff Amos and the Collective Members to perform such *related* non-tipped tasks more than occasionally or part of the time. Defendant required Plaintiff

20

Amos and the Collective Members to perform such *related* non-tipped tasks for unreasonable amounts of time that were not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiff Amos' and the Collective Members' time worked in one or more individual workweeks.

122.    Defendants paid their tipped employees–including Plaintiff Amos and the Collective Members–sub-minimum, tip-credit wages but did not allow them to retain all tips they earned, in violation of 29 U.S.C. § 203(m).

123.    Defendants did not allow Plaintiff Amos and the Collective Members to retain all tips they earned because they subjected Plaintiff and the Collective Members to "charge backs" in which Defendants required Plaintiff Amos and the Collective Members to reimburse Defendants for cash shortages, customer walkouts, food spoilage and breakage.  Such policy and practice resulted in Defendants retaining tips that their tipped employees earned, in violation of 29 U.S.C. § 203(m).

## COLLECTIVE ACTION ALLEGATIONS

124.    Plaintiff Amos and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

125.    Plaintiff Amos and the Collective Members bring the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

126.    Plaintiff Amos assert those claims on behalf of herself, and on behalf of all similarly situated tipped employees employed by Defendants, who were not paid all compensation required by the FLSA during the relevant time period as a result of Defendants' compensation policies and practices.

127.    Plaintiff Amos seeks to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any restaurant owned or operated by Defendants in the job position of server and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than the applicable minimum wage, excluding tips).**

128.    The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff Amos and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendants within three years from the filing of this Complaint.

129.    Upon information and belief, Defendants have employed thousands of tipped employees during the period relevant to this action.

130.    The identities of these employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiff Amos, joinder of each member is not practicable.

131.    Because these similarly situated tipped employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

132.    Collective adjudication is appropriate in this case because the tipped employees whom Plaintiff Amos wishes to notify of this action have been employed in positions similar to Plaintiff Amos; have performed work similar to Plaintiff Amos; and have been subject to

compensation practices similar to those to which Plaintiff Amos has been subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

### COUNT ONE: FAILURE TO PROVIDE NOTICE OF TIP CREDIT

133.   Plaintiff Amos and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

134.   Defendants did not inform Plaintiff Amos and the Collective Members of the provisions of the "tip credit" in 29 U.S.C. § 203(m).

135.   As a result, Defendants were not entitled to take a tip credit against Plaintiff Amos' and the Collective Members' minimum wages.

136.   Defendants failed and/or refused to pay Plaintiff Amos and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff Amos and the Collective Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

137.   As such, full applicable minimum wage for such time Plaintiff Amos and the Collective Members worked is owed to Plaintiff Amos and the Collective Members for the entire time they were employed by Defendants.

138.   Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff Amos and the Collective Member the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff Amos' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

139.    Plaintiff Amos and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff Amos, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff Amos' and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: REQUIRED LABOR UNRELATED TO PRIMARY DUTIES OF THE TIPPED OCCUPATATION OF SERVER

140.    Plaintiff Amos and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

133.    Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., and 29 C.F.R. § 531.56(e) by requiring Plaintiff Amos and the Collective Members in a given workweek, and during each and every workweek Plaintiff Amos and the Collective Members were employed by Defendant, to perform non-tipped labor *unrelated* to their tipped occupations, including but not limited to: working the grill line and performing the primary job duties of cook; performing the primary job duties of a host or  hostess; taking out trash; scrubbing walls; sweeping and mopping floors; cleaning booths; operating the dishtank and performing the primary job duties of a dishwasher; breaking down and cleaning the server line; ensuring the general cleanliness for the front of the house; detail cleaning throughout the restaurant; stocking stations throughout the restaurant; stocking ice; preparing delivery orders Uber Eats, Grub Hub and Door Dash; preparing takeout orders and online orders from

24

Denny's.com; answering the phone; working the cash register; greeting and seating customers; preparing salads; preparing deserts, ice creams and milkshakes; cutting lemons, limes, melons and strawberries; preparing crepes and pancakes, washing and stocking unsliced fruits; baking biscuits; preparing specialty drinks such as lemonades, limeades and teas; and rolling bins full of silverware.

141.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff Amos and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate federal law and Defendants were aware of the FLSA minimum wage requirements during Plaintiff Amos' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

142.    Plaintiff Amos and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs Amos, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff Amos' and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: EXCESSIVE AMOUNTS OF REQUIRED LABOR RELATED TO PRIMARY DUTIES OF SERVER

143.    Plaintiff Amos and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

144.    Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq. and 29 C.F.R. § 531.56(e) by requiring Plaintiff Amos and the Collective Members in a given workweek, and during each and every workweek Plaintiff Amos and the Collective Members were employed by Defendants, to perform non-tipped labor *related* to their tipped more than "part of the time" or occasionally. Plaintiff Amos and the Collective members performed such *related* non-tipped labor for unreasonable amounts of time that were not contemporaneous to their direct customer service duties and in excess of twenty percent (20%) of their regular workweek, while paying Plaintiff Amos and the Collective Members at the tip credit rate. Examples of such non-tipped labor *related* to their tipped occupation of servers include, but are not limited to, cleaning and setting tables, toasting bread, making coffee and washing dishes or glasses.

145.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff Amos and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing such amounts of non-tipped labor related to their tipped occupation, would violate federal law and Defendants were aware of the FLSA minimum wage requirements during Plaintiff Amos' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

146.    Plaintiff Amos and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff Amos, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff Amos' and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an

additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FOUR: TIP RETENTION

147.    Plaintiff Amos and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

148.    Defendants engaged in the regular policy and practice of requiring Plaintiff Amos and the Collective Members to reimburse Defendants for breakage, broken dishes, register shortages, and/or customer walkouts from Plaintiff Amos' and the Collective Members tips.

149.    Such policy and practice by Defendants resulted in Plaintiff Amos and the Collective Members not retaining all of their tips and in Plaintiff Amos' and the Collective Members' wages being paid below the applicable minimum wage, in violation of the FLSA, 29 U.S.C. § 206(a).

150.    Defendants therefore failed and/or refused to pay Plaintiff Amos and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff Amos and the Collective Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

151.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff Amos and the Collective Members the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff Amos' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

152.   Plaintiff Amos and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff Amos, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff Amos' and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this July 25, 2019.

THE LAW OFFICES OF SIMON & SIMON

By:
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com