UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CONSTANCE AMOS, | ) | |
| SEANETTA JOHNSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03193-JRS-DLP |
| | ) | |
| CLASSIC DINING GROUP, LLC, | ) | |
| CLASSIC DINING KENTUCKY AVE, | ) | |
| INC., | ) | |
| CLASSIC DINING KEYSTONE, INC., | ) | |
| CLASSIC DINING MANAGEMENT COM- | ) | |
| PANY, INC., | ) | |
| CLASSIC DINING MICHIGAN ROAD, | ) | |
| INC., | ) | |
| CLASSIC DINING OF BLOOMINGTON, | ) | |
| INC., | ) | |
| CLASSIC DINING OF CASTLETON, INC., | ) | |
| CLASSIC DINING OF COLUMBUS, INC., | ) | |
| CLASSIC DINING OF CRAWFORDS- | ) | |
| VILLE, INC., | ) | |
| CLASSIC DINING OF DALEVILLE, LLC, | ) | |
| CLASSIC DINING OF GREENWOOD | ) | |
| MALL, INC., | ) | |
| CLASSIC DINING OF GREENWOOD, | ) | |
| INC., | ) | |
| CLASSIC DINING OF LAFAYETTE, INC., | ) | |
| CLASSIC DINING OF LEBANON, INC., | ) | |
| CLASSIC DINING OF MERRILLVILLE, | ) | |
| INC., | ) | |
| CLASSIC DINING OF PORTAGE, INC., | ) | |
| CLASSIC DINING OF ROCKFORD, INC., | ) | |
| CLASSIC DINING OF SHELBYVILLE, | ) | |
| INC., | ) | |
| CLASSIC DINING OF POST ROAD, INC., | ) | |
| KEN KILBERGER, | ) | |
| | ) | |
| Defendants. | ) | |

**Order on Various Motions**

1

Defendants own and operate Denny's restaurants.  Plaintiffs Constance Amos and Seanetta Johnson were servers at a Denny's restaurant located at 4795 Kentucky Avenue in Indianapolis in 2018 and 2019.  Plaintiffs allege claims for violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq.*, on behalf of themselves and a proposed collective action, against twenty "Classic Dining" entities—corporations and limited liability companies—and Ken Kilberger.  (Am. Compl., ECF No. 118.)  Plaintiffs move for conditional certification of a collective action (ECF No. 105), and Defendants move to dismiss for lack of subject-matter jurisdiction (ECF Nos. 121, 123, 125, 127).  Defendants' motions to dismiss for lack of subject-matter jurisdiction (ECF Nos. 121, 123, 125, 127) are **granted** for the reasons explained below.  Defendants' motions in the alternative to dismiss on other grounds are **denied as moot.**  Plaintiffs' motion for conditional certification (ECF No. 105) is **denied as moot.**

"In every case, the plaintiff has the burden of establishing the three elements of standing:  that (1) he or she has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Berger v. Nat'l Coll. Athletic Ass'n*, 843 F.3d 285, 289 (7th Cir. 2016) (quotation marks, brackets, and citations omitted).  "To meet this burden and survive a challenge to standing under Rule 12(b)(1), a plaintiff must plead sufficient factual allegations, taken as true, that 'plausibly suggest' each of these elements." *Id.; see*

2

*also Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015) (holding that the *Twombly-Iqbal* standard applies to a facial challenge to subject-matter jurisdiction).

"Under the FLSA, alleged employees' injuries are only traceable to, and redressable by, those who employed them." *Berger*, 843 F.3d at 289 (quotation marks and citation omitted). Thus, to withstand a challenge to standing under Rule 12(b)(1), a FLSA plaintiff must plead sufficient factual allegations to plausibly suggest that the plaintiff was employed by each defendant.

An employee may have more than one "employer" under the FLSA. *See Falk v. Brennan*, 414 U.S. 190, 195 (1973). To determine whether a defendant is a "joint employer," courts turn to the Department of Labor's relevant regulations. *See, e.g.*, *Karr v. Strong Detective Agency, Inc.*, 787 F.2d 1205, 1207 (7th Cir. 1986) (looking to 29 C.F.R. § 791.2 to determine whether defendants were joint employers). Those regulations distinguish two types of joint employment—one horizontal and one vertical. *See* 29 C.F.R. § 791.2(a) (describing the vertical joint-employer scenario); 42 C.F.R. § 791.2(e) (describing the horizontal joint employment); Opinion Letter from U.S. Dep't of Labor, Wage & Hour Div., 2016 WL 284582 (Jan. 20, 2016) (discussing the concepts of horizontal and vertical joint employment). "Horizontal joint employment exists where the employee has employment relationships with two or more employers and the employers are sufficiently associated or related with respect to the employee such that they jointly employ the employee." Opinion Letter, 2016 WL 284582 at *2. "Vertical joint employment exists where the employee has an employment relationship with one employer (typically a staffing agency, subcontractor, labor provider, or

3

other intermediary employer) and the economic realities show that he or she is eco-nomically dependent on, and thus employed by, another entity involved in the work."
*Id.*

While the regulations provide a framework for understanding multifaceted em-ployment relationships, the touchstone for joint employment is ultimately control, evaluated based on economic reality. *See Moldenhauer v. Tazewell-Pekin Consol. Comms. Ctr.*, 536 F.3d 640, 644 (7th Cir. 2008) (holding that "for a joint-employer relationship to exist, each alleged employer must exercise control over the working conditions of the employee, although the ultimate determination will vary depending on the specific facts of each case"); *Reyes v. Remington Hybrid Seed Co.*, 495 F.3d 403, 407–08 (7th Cir. 2007) ("Such a regulation does nothing more than provide a frame of reference . . . . It offers a way to think about the subject and not an algorithm."), *as amended* (Aug. 30, 2007); *Karr*, 787 F.2d at 1207 (citing *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 31 (1961)) ("The main focus here is on the 'economic reality' of the situation.").

Plaintiffs have not alleged facts to plausibly suggest that they were jointly em-ployed by all twenty-one Defendants. The Amended Complaint contains two sets of allegations purporting to show that all Defendants were Plaintiffs' employers. The first set consists of formulaic recitations of the four vertical, joint-employment factors set forth in 29 C.F.R. § 791.2(a)(1). For each Defendant, Plaintiffs allege that the Defendant "had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of

4

payment, and maintained employment records in connection with Plaintiffs' . . . employment with Defendants." (Am. Compl. ¶¶ 25, 29, 33, 37, 41, 45, 49, 53, 57, 61, 65, 69, 73, 77, 81, 85, 89, 93, 97, 101, 105); *compare with* 29 C.F.R. § 791.2(a)(1)(i)–(iv). Under the *Iqbal* standard, these formulaic recitations are not well-pleaded factual allegations and are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009).

The second set begins with formulaic recitations of the regulation's horizontal, joint-employment considerations. Plaintiffs allege that "Defendants were not completely disassociated with respect to employment of Plaintiffs," that "Defendants were under common control," and that "at all relevant times, all Defendants were joint employers under the FLSA." (Am. Compl. ¶ 108); *compare with* 29 C.F.R. § 791.2(e)(1)–(2). These are not well-pleaded factual allegations and are not entitled to the assumption of truth under *Iqbal*.

There are four additional joint-employment allegations identified by Plaintiffs in their response: (1) that all Defendants own and operate as a single chain of Denny's restaurants, (Am. Compl. ¶ 106); (2) that all Defendants share employees, including servers, between their restaurants, (*id.* ¶ 112); (3) that Defendants share common management, human resources, and payroll services, (*id.* ¶ 113); and (4) that Defendants share common ownership and corporate officers, (*id.* ¶ 114).

The allegations of common management, ownership, corporate officers, human resources, and payroll services may be a step toward plausibly suggesting horizontal joint employment. But sharing the employee at issue is a necessary ingredient of

horizontal joint employment. *See* 29 C.F.R. § 791.2(e)(1) ("In the second joint employer scenario, one employer employs a worker for one set of hours in a workweek, and another employer employs the same worker for a separate set of hours in the same workweek."). The allegation of shared employment here refers generically to "all Defendants" and "employees, including servers." There is no allegation that Defendants, or any subset thereof, shared the employment of *Constance Amos or Seanetta Johnson*. At most, the allegation permits the inference that some of the Defendants might be joint employers of some unidentified employees.

Plaintiffs cite Judge Barker's decision in *Delgado v. DirecTV, Inc.*, No. 1:14-cv-1722, 2016 WL 1043725 (S.D. Ind. Mar. 16, 2016), for the proposition that FLSA cases are "simple" and therefore do not require factual allegations as detailed as more complex types of cases. By and large, FLSA cases are relatively simple. But few FLSA plaintiffs contend that they were jointly employed by twenty-one defendants. "The required level of factual specificity rises with the complexity of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616–17 (7th Cir. 2011). In *Delgado*, for instance, each plaintiff claimed only two joint employers—a simpler case than this one by an order of magnitude. And yet the plaintiffs in *Delgado* provided far more detailed allegations about the relationships among the primary employer, the alleged joint employer, and the plaintiffs' working conditions than Plaintiffs have provided here.

Accordingly, Plaintiffs have not alleged facts that plausibly suggest that they were employed by all twenty-one Defendants. The allegations against all twenty-one De-

fendants are identical—there is no distinguishing among them. The Amended Complaint does not more "plausibly suggest" that any given Defendant was Plaintiffs' employer than that any other Defendant was. As such, Plaintiffs have not alleged sufficient facts to plausibly suggest that they were employed by *any* Defendant. The Amended Complaint therefore fails to plead an injury fairly traceable to any of the Defendants and must be dismissed for lack of subject-matter jurisdiction.

## Conclusion

For the reasons explained above, Defendants' Rule 12(b)(1) motions (ECF Nos. 121, 123, 125, 127) are **granted**, and Plaintiffs' claims are dismissed for lack of subject-matter jurisdiction. Dismissal is without prejudice to filing, within 30 days, a second amended complaint that cures the deficiencies described above, provided that Plaintiffs can do so consistent with counsel's obligations under Rule 11.

Defendants' motions, in the alternative, to dismiss on other grounds are **denied as moot.** However, as Plaintiffs have notice of the potential shortcomings in their allegations identified in Defendants' alternative motions, Plaintiffs are cautioned that failure to cure any such shortcomings in their second amended complaint may support a finding that any subsequent amendment would be futile.

Plaintiffs' motion for conditional certification (ECF No. 105) is **denied as moot.**

**SO ORDERED.**

Date: 8/27/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

7

Distribution:

Clifford P. Bendau, II
BENDAU & BENDAU PLLC
cliffordbendau@bendaulaw.com

Stephanie M.G. Dinkel
KOEHLER DINKEL LLC
sdinkel@kdllclaw.com

Renee L. Koehler
KOEHLER & PASSARELLI, LLC
rkoehler@kdllclaw.com

James L. Simon
LAW OFFICES OF SIMON & SIMON
jameslsimonlaw@yahoo.com